UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DERRICK CLAYTON,

           Petitioner,

                                    CASE NO. 16-13201
v.                                   HONORABLE VICTORIA A. ROBERTS

PAUL KLEE,

           Respondent.

_____/

### OPINION AND ORDER
### GRANTING PETITIONER'S MOTION FOR IMMEDIATE CONSIDERATION [2 ], DENYING PETITIONER'S MOTIONS FOR AN EVIDENTIARY HEARING [3] AND A STAY [4], AND TRANSFERRING THE HABEAS PETITION [1] TO THE COURT OF APPEALS AS A SECOND OR SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

Petitioner Derrick Clayton recently filed a *pro se* habeas corpus petition challenging his conviction for voluntary manslaughter.  Besides his habeas petition, Petitioner filed a motion for immediate consideration of his habeas petition, a motion for an evidentiary hearing, and a motion to hold his habeas petition in abeyance while he pursues state remedies.  The Court grants the motion for immediate consideration, but denies the motions for an evidentiary hearing and a stay.  And because Petitioner challenged the same manslaughter conviction in a prior habeas petition that was denied on the merits, the Court transfers the habeas petition to the Court of Appeals for a determination of whether this Court may adjudicate Petitioner's current claim.  A procedural history and analysis follow.

## I.  Procedural History

Petitioner alleges that, following a jury trial in 2006, a Wayne County jury found him guilty of voluntary manslaughter, and the trial court sentenced him to prison for twelve to forty-five years.  The Michigan Court of Appeals affirmed Petitioner's convictions and sentence, *see People v. Clayton*, No. 273056, 2007 WL 4404442 (Mich. Ct. App. Dec. 18, 2007), and on March 24, 2008, the Michigan Supreme Court denied leave to appeal.  *See People v. Clayton,* 480 Mich. 1138; 746 N.W.2d 70 (Mich. 2008) (table).

In 2008, Petitioner challenged his manslaughter conviction in a *pro se* application for the writ of habeas corpus.  United States District Judge Bernard A. Friedman dismissed the petition because one of Petitioner's claims was not cognizable on habeas review and his only other claim lacked merit.  *See Clayton v. Lafler*, No. 08-12986 (E.D. Mich. Sept. 17, 2009).  The United States Court of Appeals for the Sixth Circuit denied Petitioner's subsequent application for a certificate of appealability.  *See Clayton v. Lafler*, No. 09-2219 (6th Cir. Mar. 28, 2010).  Petitioner later filed ten motions for relief from judgment in his District Court case.  Judge Friedman transferred all the motions to the Sixth Circuit Court of Appeals, which apparently denied or dismissed all of Petitioner's applications for leave to file a second or successive habeas petition.

In 2012, Petitioner filed another habeas corpus petition challenging his manslaughter conviction.  Former United States District Judge Lawrence P. Zatkoff transferred the petition to the Court of Appeals as a second or successive petition.  *See Clayton v. Woods*, No. 12-14927 (E.D. Mich. Nov. 19, 2012).  The Sixth Circuit denied

Petitioner permission to file a second or successive habeas corpus petition. *See In re Derrick Clayton*, No. 12-2541 (6th Cir. May 28, 2013).

Petitioner subsequently filed a motion for relief from judgment in state court. The state trial court found no merit in Petitioner's claims and also stated that Petitioner had not shown "good cause" under Michigan Court Rule 6.508(D)(3) for not presenting his claims on appeal. *See People v. Clayton*, No. 06-006411-01 (Wayne Cty Cir. Ct. July 6, 2015). The Michigan Court of Appeals denied Petitioner's application for leave to appeal, citing Michigan Court Rule 6.508(D), *see People v. Clayton*, No. 329878 (Mich. Ct. App. Dec. 21, 2015), and, on May 6, 2016, the Michigan Supreme Court likewise denied leave to appeal under Rule 6.508(D). *See People v. Clayton*, 499 Mich. 920; 877 N.W.2d 908 (2016) (table).

Finally, on September 2, 2016, Petitioner filed his current habeas corpus petition. The Court understands Petitioner's ground for relief to be that the state magistrate lacked authority to issue a warrant for Petitioner's arrest because there was not a substantial basis for concluding that the person who supplied information for the warrant application spoke with personal knowledge of the facts. Petitioner argues that the state magistrate lacked jurisdiction and, therefore, all subsequent proceedings were null and void.

As noted above, Petitioner filed three motions with his habeas petition. In his motion for immediate consideration, Petitioner states that he has been incarcerated for over ten years. He asks to have his liberty restored to him in an expeditious manner on the basis that his sentence is unlawful. In his second motion, Petitioner seeks an

evidentiary hearing on the issue of whether the state magistrate had sufficient credible information to accept the felony complaint and to issue a warrant for Petitioner's arrest. In his third and final motion, Petitioner asks the Court to hold his habeas petition in abeyance while he asks the Michigan Court of Appeals to consider his jurisdictional claim.

## II.  Analysis

This is Petitioner's third habeas corpus petition, and the Sixth Circuit recently pointed out that

> [f]ederal law generally gives habeas petitioners one shot to pursue their claims in federal court.  For petitions filed after the first one—"second or successive" petitions in the language of the statute—applicants must overcome strict limits before federal courts will permit them to seek habeas relief.  28 U.S.C. § 2244(b)(3)(A).

*In re Stansell*, 828 F.3d 412, __, 2016 WL 3606808, at *1 (6th Cir. July 1, 2016).  The Antiterrorism and Effective Death Penalty Act of 1996 "requires petitioners challenging state court judgments to seek authorization in a federal appeals court before filing a 'second or successive application' in district court.  28 U.S.C. § 2244(b)(3)(A)."  *Id.*, 2016 WL 3606808, at *2; *see also Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010) (stating that, "[i]f an application is 'second or successive,' the petitioner must obtain leave from the Court of Appeals before filing it with the district court").  A habeas petition is considered "second or successive" for purposes of 28 U.S.C. § 2244(b) if the petitioner could have raised his claim in the prior petition, but failed to do so, *In re Bowen*, 436 F.3d 699, 704-06 (6th Cir. 2006), and the prior petition was decided on the merits, *In re William Garner*, 612 F.3d 533, 535 (6th Cir. 2010) (citing *In re Cook*, 215

F.3d 606, 607-08 (6th Cir. 2000)). Petitioner's current claim is similar to the claim that he presented in his first petition, which was denied on the merits. Consequently, the current habeas corpus petition is a "second or successive" habeas petition within the meaning of 28 U.S.C. § 2244(b). Furthermore, Petitioner has not acquired permission from the Court of Appeals to file a second or successive habeas petition.

When, as here, a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without prior authorization from the Court of Appeals, the district court must transfer the document to the Court of Appeals pursuant to 28 U.S.C. § 1631.[1] *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Accordingly, the Court grants Petitioner's motion for immediate consideration (ECF No. 2) and orders the Clerk of the Court to transfer Petitioner's habeas petition to the Court of Appeals for consideration of whether this Court may adjudicate Petitioner's claim. The Court denies as moot Petitioner's motion for an evidentiary hearing (ECF No. 3) and his motion to hold the habeas petition in abeyance (ECF No. 4).

S/Victoria A. Roberts
VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

Dated: 9/21/2016

---

[1]   Section 1631 states that,

> [w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.